UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

TIMOFEI MOURAVEIKO and KATHRYN ASH,

Plaintiffs,

v.

CITY OF PORTLAND, et al,

Defendants.

Case No. 3:26-cv-00382-YY

ORDER

On October 27, 2026, plaintiffs filed a Response to the Motion to Dismiss filed by defendants City of Portland, John Edwards, and Craig Gervais ("City Defendants"). The Motion to Dismiss is 33 pages long and plaintiffs' Response is 76 pages long. Because the Response exceeds the page and word count limits in Local Rule 7-2, the court struck the Response and gave plaintiff leave to refile a response that complies with the local rules within 14 days. *See* Order, ECF 42.

Plaintiffs have since filed a Motion for Leave to exceed the page and word count limits. ECF 43. Plaintiffs argue that because the City Defendants have moved to dismiss 23 claims, it is "impossible" for plaintiffs to comply with the page and word count limits of Local Rule 7-2. They also assert that limiting their briefing would render them unable to "address all of the complex and important issues raised" and distinguish the case law that the City Defendants have cited. They further assert that they have had to address the City Defendants' "repeated

misstatements of facts . . . and repeated insistence on the existence of an imaginary email throughout their motion to dismiss, so as to maintain clarity about the actual facts and issues."

Local Rule 7-2 does not identify a standard for deciding a request to exceed the page/word limit. However, Local Rule 1-4 states that, "[i]n the interest of justice, a judge may suspend or modify the application" of a local rule. "The phrase 'in the interest of justice,' like the analogous one which occurs often in statutory enactments, 'in the furtherance of justice,' has a broad meaning." *United States v. Nat'l City Lines*, 7 F.R.D. 393, 397 (S.D. Cal. 1947).

> It implies conditions which assist, or are in aid of or in the furtherance of, justice. Both call for the doing of things which bring about the type of justice which results when law is correctly applied and administered.

*Id.*

The City Defendants' Motion to Dismiss asserts the following theories for dismissal: (1) claim preclusion, (2) untimely tort claim notice, (3) lack of standing for prospective relief, (4) qualified immunity, (5) failure to allege a *Monell* claim, (6) failure to allege a Fifth Amendment takings claim, (7) failure to allege a trespass claim, (8) failure to allege defendant Officer Gervais's interference with plaintiffs' use of an easement, (9) failure to establish a private nuisance claim, (10) failure to allege a false imprisonment claim, failure to allege an intentional infliction of emotional distress claim, and (11) failure to allege a negligent infliction of emotional distress claim.

The court has reviewed plaintiffs' Response to the motion and, while it is 76 pages long, the briefing is not overly repetitive or rambling. For example, plaintiffs' argument regarding tort claim notice is approximately two pages long, their argument regarding standing is three pages long, and their arguments regarding trespass, easement, private nuisance, and false imprisonment claims are each approximately one page long. Not surprisingly, a lengthier analysis is required to

response to some of the City Defendants' other arguments, such as claim preclusion. After reviewing both the Motion and Response, the court finds it furthers justice to allow plaintiffs to exceed the page limit where the City Defendants' motion raises eleven issues, plaintiffs are self-represented, and plaintiffs have generally used the briefing to identify the legal standards and apply the law to the factual allegations in the complaint.

However, plaintiffs shall not construe this order to mean that similarly lengthy, over-sized briefing will be allowed in the future. Plaintiffs assert that "[i]t is not worthwhile to shift the instant litigation to arguments about technicalities, including page and word counts" and they suggest that a 1:2 motion-to-response ratio is appropriate. If the court allowed double the pages for every response, it would nullify Local Rule 7-2, which requires that *all* briefing must not exceed 35 pages, irrespective of whether it is a motion, response, or reply.[1] Moreover, page limits are not just a technicality but exist for important reasons, including the efficient and economical resolution of cases. Page limits force the parties to winnow their arguments, cite the most relevant and persuasive authority, eliminate redundancies, and edit the briefing to present their positions in the most cogent way possible. In sum, while plaintiffs' oversized briefing is allowed in this instance, plaintiffs may not view this as an indication that the court will allow briefing that exceeds the page/word limit in the future. Oversized briefing is generally disfavored, as indicated by Local Rule 7-2, and plaintiffs must explore methods to edit their briefing to fit within the page limits.

Finally, because plaintiffs' response is 76 pages long, the City Defendants may request leave to file a reply that exceeds the 35-page limit if they believe extra pages are necessary to

---

[1] In fact, this district's page limit is quite generous when compared with other jurisdictions. *See* Central District of California, Local Rule 11-6.1 (allowing 25 pages); Western District of Washington, Local Rule 7(e)(4) (allowing 24 pages for motions and responses).

adequately address plaintiffs' arguments. Because there was an open question regarding whether the oversized briefing would be allowed, the time for filing the City Defendants' reply is extended by 14 days from the date of this order. If the City Defendants believe that more time is needed to file a reply to the 76-page Response, they may request an extension.

IT IS SO ORDERED.

DATED November 9, 2026.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge